1
2
3
4
UNITED STATES DISTRICT COURT
5
NORTHERN DISTRICT OF CALIFORNIA
6
7
8
9
10
11
12
13
14
15
16

| | |
|---|---|
| | ) Case Number: 3:16-cv-07242-JSC |
| | ) |
| RODAN & FIELDS, LLC, | ) JOINT CASE MANAGEMENT |
| | ) STATEMENT & [PROPOSED] ORDER |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) |
| SHAHZAD GILANI; SHAIKH KASHIF ALI; | ) |
| DARLIN GELILANG; TOP BRANDS | ) |
| INTERNATIONAL, INC.; and DOES 1 | ) |
| through 100, | ) |
| | ) |
| Defendants. | |

The parties to the above-entitled action jointly submit this JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the Standing Order for All Judges of the Northern District of California dated July 1, 2011 and Civil Local Rule 16-9.

## 1. **Jurisdiction & Service**

Plaintiff's Position:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Sections 1331 and 1338, and 28 U.S.C. Section 1367.  Rodan & Fields, LLC's ("R+F") claims arise under federal law, and to the extent they arise under state law, this Court has supplemental jurisdiction.  All named defendants, Shaikh Kashif Ali ("Ali"), Darlin Gelilang ("Gelilang"), Shazad Gilani ("Gilani"), and Top Brands International, Inc.  ("Top Brands") (collectively, the "Defendants") have returned to R+F executed Waiver of Service of Summons forms (*see* Docs. 26, 27, 28, and 29).

Per their respective waiver of service forms, Defendants have until July 17, 2017 to file an answer or otherwise respond to the First Amended Complaint.

Defendants' Position (if different):

This Court lacks subject matter jurisdiction and requires change of venue to Illinois pursuant to 28 U.S.C. § 1404(a), where Defendants and the business are out of Illinois, and majority of all events occurred in Illinois. That this Court is presently hearing the case pursuant to Section 28 U.S.C. §§ 1331, 1338 and 1367, where Rodan and Fields raised claims they arise under California law and federal laws contending this Court has supplemental jurisdiction and that they have served Defendants by waiver of service (See Docs 26, 27, 28 and 29).  Defendants contend that 28 U.S.C. § 1391(b) covers and determines proper venue and jurisdiction and that the action should be transferred to Illinois.

## 2. Facts

Plaintiff's Position:

This is an action for damages and injunctive relief under the Lanham Act and California law.  The principal facts concern the Defendants' sale and facilitation of sales of products bearing R+F's registered trademarks (the "R+F Marks") on the Internet.  R+F has informed Defendants that the products they are selling or facilitating the sale of are not genuine and, thus, infringe on the R+F Marks.  Defendants disagree.

Defendants' Position (if different):

This is a claim by Plaintiff for damages and injunctive relief under the Lanham Act and California law. Plaintiffs' contend Defendants have sold and facilitated sales of products bearing R & F's registration trademarks on the internet. Defendants contend they have NEVER sold any R & F products on the internet, but operate only as a facilitating service provider for customers who transact on the internet to pick up, package and ship their products to their customers, and therefore have not facilitated any violation of R & F's registered trademark. R & F contends Defendants are in cooperation with other businesses selling on the internet; Defendants contend they have no association with those businesses, other than as a customer to ship a product they

sold. Plaintiff ties this together because Defendants use their address on shipping packages as a return a address; Defendants contend they use their address solely to insure shipping is fulfilled and has no relation to a customer internet cite. Plaintiffs disagree.

### 3. __Legal Issues__

Plaintiff's Position:

The main legal issues are as follows: **(1)** whether Defendants' sale of products bearing the R+F Marks constitutes trademark infringement under 15 U.S.C. §§ 1114 and 1125(a)(1)(a); **(2)** whether Defendants' sale and advertising of sales on the Internet of products bearing the R+F Marks constitutes false advertising under 15 U.S.C. § 1125(a)(1)(b); **(3)** whether Defendants' use of the R+F Marks in connection with the sale and advertising of products on the Internet constitutes unfair competition under 15 U.S.C. 1125(a); **(4)** whether Defendants' conduct has diluted the R+F Marks under 15 U.S.C. §1125(c); **(5)** whether Defendants unauthorized use of the R+F marks to sell and advertise goods on the Internet constitutes trademark infringement under California common law; **(6)** whether Defendants' conduct constitutes unfair competition under Cal. Bus. & Prof. Code § 17200, *et. seq.*; **(7)** whether Defendants Ali and Gilani—as former R+F Consultants—breached the terms of their Consultant Agreement by selling R+F products on the Internet; **(8)** whether Defendants Top Brands and Ali have tortiously interfered with R+F's contracts with its current Consultants by causing the breach of R+F's Consultant Agreements with its Consultants and providing Consultants with the means to conduct unauthorized sales of R+F products on the Internet; **(9)** whether Defendants have tortiously interfered with R+F's prospective business relationships; **(10)** whether Defendants Top Brands and Ali have engaged in contributory trademark infringement by knowingly providing, among other things, the storage, picking, packing, shipping, and distribution of products that infringe on the R+F Marks.

1

2          <u>Defendants' Position (if different):</u>

3          Defendants main legal issues are as follows: **(1)** Amended Complaint does not allege

4   facts demonstrating venue in this Jurisdiction is proper pursuant 28 USC §§ 1391(b) and 1406

5   (a); **(2)** Venue in District is Improper pursuant to 28 USC § 1404 (a) and should be transferred to

6   Illinois;

7          **(3)** Lanham Act Trade Dress was not violated by Defendants pursuant to 15 USC § 1125 (a); **(4)**

8   R & F fails to show Defendants did any False Advertising under Lanham Act and California's

9   Business & Professions Code 17500 and section 43 (A); **(5)** the Amended Complaint fails to

10  state a claim for Relief; **(6)** Plaintiff cannot produce any evidence that Defendants violated any

11  Trademark Infringement; **(7)** Plaintiffs cannot meet the special requirements under the Lanham

12  Act to avoid a First Amendment question and R & F cannot demonstrate likelihood of any

13  confusion caused by Defendants; **(8)** Lanham Act, in light of First Amendment, R & F

14  infringement claims cannot stand**; (9)** R & F cannot show a likelihood of confusion of R & F

15  product origin or affiliation between R & F and Defendants; **(10)** R & F cannot prove confusion

16  as to Product origin or affiliation; **(11)** R & F claims fails under traditional confusion analysis**;**

17  **(12)** R & F initial interest confusion theory has no merit; **(13)** R & F cannot prove any causation

18  by Defendants; **(14)** Any use of the R & F Product by Top Brands and Defendants is protected as

19  Nominative Fair Use, **(15)** Defendants have not contributed to any contributory trademark

20  infringement by knowingly providing, among other things, the storage, picking, packing,

21  shipping, and distribution of products that infringe on the R+F Marks and **(16)** whether

22  Defendants Top Brands and Ali have tortiously interfered with R+F's contracts with its current

23  Consultants by causing the breach of R+F's Consultant Agreements where no agreement existed

24  and where R & F allows other consultants the means to conduct unauthorized sales of R+F

25  products on the Internet.

26

27  **4.  <u>Motions</u>**

28          <u>Plaintiff's Position:</u>

Shortly after filing the Original Complaint, R+F filed a Motion for Preliminary Injunction (Doc. 10), but as a result of new information learned from communications with Defendant Ali and Top Brands, R+F withdrew that motion (Doc. 14) in order to file the First Amended Complaint.  Defendants filed a Motion for Extension of Time to File Answer (Doc. 13), but this motion was mooted by the filing of R+F's filing of the First Amended Complaint.  R+F also filed a Motion to Enlarge Time Pursuant to Local Rule 6-3 to facilitate potential settlement discussions and to allow R+F time to file the First Amended Complaint. (Doc. 16).  This Motion to Enlarge Time was granted on March 14, 2017. (Doc. 18).  Subsequently, R+F filed a second Motion to Enlarge Time Pursuant to Local Rule 6-3 in order to allow potential settlement discussions and to allow Defendants to appear. (Doc. 24).  This Motion to Enlarge Time was granted on May 18, 2017. (Doc. 25).  Also on May 18, 2017, Defendants filed a Motion for Continuance of May 23, 2017 Hearing. (Doc. 30).  This motion was mooted by the Court's order granting R+F's Motion to Enlarge Time.

R+F recently received copies of a Motion to Dismiss and Motion for Summary Judgment on behalf of, from the face of the motions, all Defendants.  R+F intends to file a Fed. R. Civ. P. 56(d) motion requesting that the Court delay consideration of the summary judgment motion because there has not been sufficient time for discovery in this matter.  R+F may file a request for a brief extension of the time to respond to the Motion to Dismiss.  R+F also anticipates filing a motion to strike both the Motion to Dismiss and Motion for Summary judgement as to Defendant Top Brands International, Inc., as this Defendant is an Illinois corporation and cannot represent itself pro se.  And, should Top Brands International, Inc. not file a valid response to the Complaint, R+F may need to file a Motion for Default Judgment.  Though it appears from the face of the two Motions that Top Brands International, Inc. joins in the Motions, R+F acknowledges Defendants' statement below that discusses finding counsel for Top Brands International, Inc.

<u>Defendants' Position (if different):</u>

Defendants stipulate to the Plaintiff's above Position as to Motions.  Defendants have mailed a Motion for Summary Judgment and a Motion to Dismiss on June 30, 2017, not heard

yet. Defendants intend to file a Motion on Top Brands International, Inc.'s behalf to wait until the two motions by Defendants are heard, or in the alternative, for an extension of time, to hold any required motions, in order to locate an attorney to defend Top Brands, a corporation.

## 5. **Amendment of Pleadings**

The parties propose that the deadline for the amendment of pleadings be December 15, 2017.

## 6. **Evidence Preservation**

Although the parties believe that the discovery of electronically stored information ("ESI") is likely in this case, the parties have no special concerns concerning ESI at this time. Once all of the Defendants have answered or responded to the First Amended Complaint, the parties will schedule an ESI Meet and Confer.  Should any ESI preservation issues arise as a result of that conference, the parties will amend this Case Management Statement.

## 7. **Disclosures**

Because Defendants have not yet filed their Answers or otherwise responded to the First Amended Complaint, the parties have not exchanged Fed. R. Civ. P. 26 disclosures at this time. The parties submit that they will exchange Fed. R. Civ. P. 26 disclosures no later than 20 days after Defendants' file their responses to the First Amended Complaint.

## 8. **Discovery**

No discovery has been taken to date.  The parties anticipate that discovery will include requests for production of documents, requests for admissions, interrogatories, and depositions. The parties anticipate no need to limit or otherwise modify the discovery rules, no need for a stipulated e-discovery order, and no foreseeable discovery disputes.  The parties propose that the discovery schedule be set with a discovery deadline of February 23, 2018.

**9.  Class Actions**

      This matter is not a class action.

**10.  Related Cases**

      There are no related cases between these parties.

**11.  Relief**

Plaintiff's Position:

      R+F seeks relief in the form of an injunction against Defendants prohibiting them from further infringement of the R+F Marks and any sale of R+F products on the Internet, damages in an amount to be determined at trial consisting of R+F's lost sales attributable to Defendants' conduct, the disgorgement of Defendants' profits from sales of products bearing the R+F Marks, increased damages as provided for under 15 U.S.C. §1117, R+F's attorney's fees and costs of this action, and punitive damages.

Defendants' Position (if different):

      Defendants seek relief in form of dismissal of all claims against Defendants, where they have not sold any R & F Products on any internet store; the cost of having to handle this court action and defend ourselves; the cost of any attorney for Top Brands International, Inc; complete dismissal and acknowledgement Defendant Gilani is no part of this action and Defendant Gelilang should be dismissed as she never sold any R & F products online and she removed her personal blog after getting notification from  R & F; and if the case proceeds and Defendants overcome, any loss of earnings caused from this action by Top Brands International, Inc. and Defendants, and attorney fees and costs of this action.

**12.  Settlement and ADR**

      The parties have engaged in preliminary settlement discussions and are hopeful that the matter may be resolved prior to trial.

**13.** **Consent to Magistrate Judge For All Purposes**

*Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.* **X** YES _____ NO

**14.** **Other References**

None.

**15.** **Narrowing of Issues**

None.

**16.** **Expedited Trial Procedure**

The parties do not seek the application of the expedited trial procedure.

**17.** **Scheduling**

Disclosure and report of plaintiff expert(s) by:     December 15, 2017

Disclosure and report of defendant expert(s) by:     January 19, 2018

Discovery deadline:     February 23, 2018

Deadline to file Motions for Summary Judgment:     March 9, 2018

Hearing on Summary Judgment Motions:     May 18, 2018

Pretrial Conference:     July 27, 2018

Trial:     August 13, 2018

**18.** **Trial**

This case will be tried before a jury. The parties anticipate trial to last 4 days.

**19.** **Disclosure of Non-party Interested Entities or Persons**

R+F filed its Certificate of Interested Persons on December 27, 2016 (Doc. 8).  As stated in R+F's certificate, there are no other interested parties other than R+F.

The Defendants have not yet filed Certifications of Interested Entities or Persons but will do so within 21 days of answering the First Amended Complaint.

## 20.  **Professional Conduct**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

## 21.  **Other**

The parties have nothing else to report.

1    Dated: July 6, 2017.                     /s/ Adam C. Sherman
2                                             _____
                                              Counsel for Rodan & Fields, LLC
3

4

5    Dated: _____, 2017.
                                              _____
6                                             Defendant, Pro se
                                              "Without Recourse," 810 ILCS 5/1-308
7
                                              By: _____
8                                             Shazad Gilani, Defendant
                                              1133 Coventry Circle
9                                             Glendale Heights, Illinois 60139
                                              Emails: ssgilani76@gmail.com
10
                                              Defendant, Pro se
11                                            "Without Recourse," 810 ILCS 5/1-308
12
                                              By: _____
13                                            Darlin Gelilang, Defendant
                                              1133 Coventry Circle
14                                            Glendale Heights, Illinois 60139-4514
                                              Email: lyngelilang@yahoo.com
15
                                              Defendant, Pro se
16                                            "Without Recourse," 810 ILCS 5/1-308
17
                                              For: _____
18                                            Shaikh Ali,
                                              1133 Coventry Circle
19                                            Glendale Heights, Illinois 60139-4514
                                              Email: kashif@topbrandsintl.com
20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Dated: _____, 2017.

Counsel for Rodan & Fields, LLC

Dated: __07 / 03__, 2017.

_Shaikh   Kashif   Ali_

Defendant, Pro se
"Without Recourse," 810 ILCS 5/1-308

By: _Shahzad   Gilani_

Shazad Gilani, Defendant
1133 Coventry Circle
Glendale Heights, Illinois 60139
Emails: ssgilani76@gmail.com

Defendant, Pro se
"Without Recourse," 810 ILCS 5/1-308

By: _Darlin   Gelilang_

Darlin Gelilang, Defendant
1133 Coventry Circle
Glendale Heights, Illinois 60139-4514
Email: lyngelilang@yahoo.com

Defendant, Pro se
"Without Recourse," 810 ILCS 5/1-308

For: _Shaikh   Kashif   Ali_

Shaikh Ali,
1133 Coventry Circle
Glendale Heights, Illinois 60139-4514
Email: kashif@topbrandsintl.com

Page **9** of **10**

1

2

3

4

UNITED STATES DISTRICT COURT

5

NORTHERN DISTRICT OF CALIFORNIA

6

7                                                    )   Case Number: 3:16-cv-07242-JSC
                                                     )
8   RODAN & FIELDS, LLC,                             )    [PROPOSED] ORDER
                                                     )
9          Plaintiff,                                )
                                                     )
10                                                   )
                                                     )
11         vs.                                       )
    SHAHZAD GILANI; SHAIKH KASHIF ALI;               )
12  DARLIN GELILANG; TOP BRANDS                      )
    INTERNATIONAL, INC.; and DOES 1                  )
13  through 100,                                     )
                                                     )
14                                                   )
                                                     )
15         Defendants.                               )
    _____)

16

17

18                    [PROPOSED] CASE MANAGEMENT ORDER

19         The above JOINT CASE MANAGEMENT STATEMENT & PROPOSED ORDER is

20  approved as the Case Management Order for this case and all parties shall comply with its

21  provisions.

22

23

24  IT IS SO ORDERED.

25  Dated: _____

26                                    UNITED STATES DISTRICT/MAGISTRATE JUDGE

27

28